IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMANDA M. SEAMAN                                                                PLAINTIFF

v.                                    CIVIL NO. 18-03117

ANDREW SAUL[1], Commissioner                                   DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Amanda M. Seaman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her DIB and SSI applications on June 22, 2016, and June 24, 2016. (Tr. 11). In her applications, Plaintiff alleged disability beginning on May 10, 2015, due to: social anxiety, depression, panic attacks, suicidal thoughts, irritable bowel syndrome, chronic fatigue, and paranoia. (Tr. 11, 248). An administrative hearing was held on November 17, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 46-77). Plaintiff's mother, Anita Sue Seaman, and a vocational expert also testified. Id.

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated April 10, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: affective disorder, anxiety disorder, personality disorder, neurodevelopmental disorder, disorder of the muscle and connective tissue, fibromyalgia, rheumatoid arthritis, insomnia, and obesity. (Tr. 8, 13-14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.1567(a) and 416.967(a), except the claimant requires the use of a cane when ambulating; the claimant is limited to simple, routine, and repetitive tasks performed in a setting where interpersonal contact is incidental to the work performed, and where the supervision required is simple, direct, and concrete.
> (Tr. 16-21).

Based upon the testimony of the vocational expert, the ALJ found Plaintiff would be unable to perform any of her past relevant work but would be able to perform the representative occupations of addresser, escort vehicle driver, or stuffer. (Tr. 21-22).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

2

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues in this matter: 1) Whether the ALJ's erred by failing to evaluate the combined effects of Plaintiff's impairments; and 2) Whether the ALJ's decision was supported by substantial evidence. (Doc. 13). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 30th day of December 2019.

/s/  **Erin L. Wiedemann**
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE